IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SONYA KAY GUTHRIE                                                         PLAINTIFF


        v.                          CIVIL NO. 13-5163


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                           DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Sonya Kay Guthrie, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed her current applications for DIB and SSI on November 9,

2009, alleging an inability to work since June 1, 2008, due to Bipolar Disorder, depression and

anxiety.  (Tr. 151, 163).  An administrative hearing was held on March 21, 2012, at which

Plaintiff appeared with counsel and testified. (Tr. 26-56).

        By written decision dated May 3, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).

Specifically, the ALJ found Plaintiff had the following severe impairments: bipolar disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work involving simple, routine, and repetitive tasks, requiring only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a sandblaster. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 12, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

AO72A
(Rev. 8/82)

economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.   Discussion:

Plaintiff argues the following issues on appeal:1) the ALJ improperly weighed the

opinion of Plaintiff's treating psychiatrist; 2) the ALJ improperly gave too much weight to the

opinion of a non-examining medical consultant; and 3) the ALJ's conclusion that Plaintiff's

medical noncompliance was not justifiable is not supported by substantial evidence.

### A.   ALJ's RFC Determination and Medical Opinions[1]:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes

medical records, observations of treating physicians and others, and the claimant's own

descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from

symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The

United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical

evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

---

[1]The Court's analysis of the RFC determination will encompass Plaintiff's first two arguments.

-4-

353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'"  Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted).  An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform work at all exertional levels but that Plaintiff had some non-exertional limitations.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Terry L. Efird, Stephen C. Dollins, Cheryl Woodson-Johnson, and Jerry R. Henderson, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

AO72A
(Rev. 8/82)

Plaintiff argues that the ALJ did not give proper weight to the opinion of Dr. Dollins, and that the ALJ relied upon the mental RFC assessment dated December 28, 2009, completed by a non-examining medical consultant, who did not have the benefit of reviewing Plaintiff's subsequent medical records which included a consultative mental evaluation performed by Dr. Terry L. Efird, on March 16, 2010.  With regard to the mental RFC Questionnaire completed by Dr. Dollins on March 15, 2012, the ALJ specifically addressed Dr. Dollins' opinion and gave a basis for not giving this assessment more weight.  It is noteworthy that Dr. Dollins completed this assessment despite having not treated Plaintiff for almost one year.  With regard to the ALJ giving more weight to the opinions of non-examining medical consultants, Plaintiff is correct in stating that Dr. Woodson-Johnson, the non-examining medical consultant that completed the December 28, 2009, mental RFC assessment, did not have the benefit of reviewing Dr. Efird's findings.  However, Dr. Henderson, a non-examining medical consultant, affirmed Dr. Woodson-Johnson's opinion after reviewing the entire record on March 24, 2010.  Dr. Henderson, therefore, did have the benefit of reviewing Dr. Efird's findings prior to giving his opinion as to Plaintiff's mental capabilities. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### B.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may

not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record revealed that Plaintiff was able to home school her fourth grade child for the past two years; to take care of her ailing grandfather until he passed; and  to work as a home health aide off and on until sometime in early 2010.  The record further revealed that Plaintiff was able to take care of her personal hygiene, prepare simple meals, drive, and perform household chores during the time period in question.  Medical records dated March 4, 2010, indicated that Plaintiff was not anxious or depressed. (909).  Plaintiff was noted to be able to perform activities of daily living independently in September of 2011.  (Tr. 777).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  Plaintiff reported to Dr. Lawrence Schemel that she was unable to return to Ozark Guidance Center for treatment due to the lack of finances, and also reported to Dr.  Kathy L. Mayhew that she could not return to Dr.

-7-

Dollins because she owed Dr. Dollins money. (Tr. 680, 977).  A review of the record failed to reveal that Plaintiff was turned away from treatment due to her inability to pay.

Plaintiff argues that her non-compliance with treatment was justifiable due to the nature of her mental illness.  In making this argument, Plaintiff relies on the holding in Pate-Fires v. Astrue, 564 F.3d 935 (8th Cir. 2009).  The Court in Pate-Fires ruled that due to the claimant's extreme symptoms of bipolar disorder, schizoaffective disorder and schizophrenia, her noncompliance with medication was "attributable to her mental illness."  Id. at 946.  In the present case, the record failed to show that Plaintiff's mental impairments were as extreme as the claimant's impairments in Pate-Fires.  To the contrary, the record revealed that during the relevant time period Plaintiff was able to home school her child for two years; to work on and off as a home health aide until early 2010; and to perform activities of daily living independently.  While Plaintiff indicated that Ozark Guidance Center would not treat her, a review of the medical records indicated that Ozark Guidance Center would treat Plaintiff, they just required Plaintiff to attend therapy sessions which Plaintiff refused to do.

With regard to the Third Party Function Report completed by Plaintiff's sister, the ALJ properly considered the report, but found it unpersuasive.  This determination was within the ALJ's province.  See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

AO72A
(Rev. 8/82)

C.     **Past Relevant Work:**

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work.  Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991).  Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work.  Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1.  The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work.  See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work")

(citations omitted).  Accordingly, the ALJ properly concluded Plaintiff could perform her past relevant work as a sandblaster.

IV.    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 8th day of October, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE